UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MAURICE HOLMES, | Case No. 2:23-cv-00024-MMD-DJA |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| LABORATORY CORPORATION OF AMERICA, *et al.*, | |
| Defendants. | |

**I.  SUMMARY**

*Pro se* Plaintiff Maurice Holmes, who is incarcerated at the Nevada Southern Detention Center, has filed a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 4 ("Complaint").) After screening, this Court allowed Plaintiff to proceed with his Fourth Amendment unreasonable search and seizure claims against Defendants Clark County Family Support Division ("CCFSD") and CCFSD employee Lammie King. (ECF No. 3 at 9.) Before the Court is Defendants' motion to dismiss (ECF No. 8 ("Motion")). Plaintiff had until June 8, 2023 to respond to the Motion. To date, no response has been filed. As further explained below, the Court grants the Motion as unopposed under Local Rule ("LR") 7-2(d) but will grant Plaintiff leave to amend his Complaint.

**II.  DISCUSSION**

LR 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." Because Plaintiff has failed to respond to the Motion and the deadline to do so has long passed, he is deemed to have consented to the granting of the Motion. The Court therefore grants Defendants' Motion as unopposed. But because of Plaintiff's *pro se* status and the

underlying policy of Federal Rule of Civil Procedure 15 of "facilitat[ing] a decision on the merits rather than on the pleadings or technicalities," the Court will analyze whether to grant Plaintiff leave to amend his dismissed claims, rather than outright dismiss the entire case without prejudice. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

The Court has discretion to grant leave to amend and should freely do so "when justice so requires." Fed. R. Civ. P. 15(a); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Nonetheless, the Court may deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

Amendment would not be futile as to Plaintiff's Fourth Amendment claim against Lammie King. As the Court found in its screening order, Plaintiff has stated a colorable Fourth Amendment claim against King because a buccal swab test constitutes a search, Plaintiff allegedly did not consent to take the test for a second child support case, and King allegedly obtained the test for that case without a warrant. (ECF No. 3 at 5.) Accordingly, the Court dismisses Plaintiff's claim against King without prejudice and with leave to amend.

On the other hand, Plaintiff's Fourth Amendment claim against CCFSD fails as a matter of law because CCFSD is not a legal entity that can be sued. The Ninth Circuit has held that state law determines if a department of a municipality may sue or be sued. *See, e.g., Streit v. Cnty. of LA*, 236 F.3d 552, 565 (9th Cir. 2001). In Nevada, each city and county are political subdivisions of the state and independent legal entities, which means that each city and county can sue or be sued. *See Clark Cnty. v. Lewis*, 498 P.2d 363, 365 (Nev. 1972); NRS § 41.031(2). However, under Nevada law, "in the absence of statutory authorization, a department of the municipal government may not, in the department name, sue or be sued." *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev.1996);

*Schneider v. Elko County Sheriff's Dep't*, 17 F. Supp. 2d 1162, 1165 (D. Nev.1998). Here, Plaintiff has sued CCFSD, not Clark County. Because CCFSD—a county department—may not be sued, amendment would be futile. The Court therefore dismisses Plaintiff's claim against CCFSD with prejudice without leave to amend. But Plaintiff has leave to amend by adding parties, so he may add Clark County as a defendant based on his allegations if he wishes to do so.

To be clear, this means that Plaintiff may file a first amended complaint. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be a complete pleading. This means that the amended complaint must contain all facts and claims and identify all defendants that Plaintiff intends to sue. Plaintiff must file the amended complaint within 30 days from the date of this order. Failure to do so will result in the dismissal of this case.

### III.     CONCLUSION

It is therefore ordered that Defendants' motion to dismiss (ECF No. 8) is granted, but the Court grants Plaintiff leave to amend as specified herein.

It is further ordered that Plaintiff may, if he wishes to do so, file a first amended complaint, within 30 days of the date of this order. Failure to do so will result in the dismissal of this case.

DATED THIS 3rd Day of August 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE