UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Maurice Holmes, | Case No. 2:23-cv-00024-MMD-DJA |
| Plaintiff, | |
| v. | **Order** |
| Laboratory Corporation of America; Family Support Division (Clark County, Nevada); Lammie King; Clark County, | |
| Defendants. | |

Before the Court is Plaintiff Maurice Holmes' motion "to continue proceedings," filed on August 28, 2023. (ECF No. 18). Plaintiff asks that "all proceedings in the ongoing suit be put 'on hold' until December 1, 2023" and that "all deadlines [] be continued for 90 days…" He explains that he lacks the legal tools necessary to prosecute his suit because the prison in which he is housed has mainly criminal law materials, he is currently dealing with COVID-19 conditions at the prison, and he is in the process of transferring from prison to prison. Plaintiff adds that he anticipates being released on December 1, 2023, after which he will be better able to litigate his claims. No party responded to Plaintiff's motion. However, on September 18, 2023, Defendants Clark County and Lammie King filed a motion to dismiss. (ECF No. 19).

The Court grants in part and denies in part Plaintiff's motion. The Court denies the motion to the extent that Plaintiff seeks to stay the case because the Court finds that a stay could result in prejudice to Plaintiff. The Court grants the motion to the extent that Plaintiff seeks to extend the discovery deadlines.

**I.**   **Legal standard.**

    ***A.***   ***Motions to stay a case.***

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  In deciding whether to grant a stay, the court considers (1) the possible damage which may result from granting the stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 268).

### B. Motions to extend discovery.

A party seeking to extend a deadline before that deadline has expired must show good cause.  *See* Fed. R. Civ. P. 6(b)(1); *see* Local Rule 26-3.  A party seeking to extend a deadline after that deadline has expired must show that the party failed to act because of excusable neglect.  *See* Fed. R. Civ. P. 6(b)(1); *see* Local Rule IA 6-1(a).

## II.  Discussion.

The Court grants in part and denies in part Plaintiff's motion "to continue proceedings."  The Court denies Plaintiff's motion to the extent it requests a stay of the case.  Under the first factor the Court must consider in determining whether a stay is appropriate, the Court finds that a stay could cause damage to Plaintiff.  Shortly after Plaintiff moved for a stay, Defendants filed a motion to dismiss.  (ECF No. 19).  To date, Plaintiff has not responded to that motion.  If the Court were to stay the case, it would prevent Plaintiff from responding or seeking additional time to respond to Defendants' motion to dismiss.

The Court grants Plaintiff's motion to the extent it requests an extension of the discovery deadlines.  The Court finds that Plaintiff has demonstrated excusable neglect to extend the deadline to amend pleadings and add parties, which deadline passed on August 4, 2023.[1]  Plaintiff has demonstrated good cause to extend the remaining deadlines.  The Court thus grants in part and denies in part Plaintiff's motion "to continue proceedings."  Plaintiff is informed that this order **does not** extend any deadlines related to Defendants Clark County and Lammie King's motion to dismiss (ECF No. 19) filed on September 18, 2023.

---

[1] Plaintiff filed his motion on August 28, 2023.

**IT IS THEREFORE ORDERED** that Plaintiff's motion "to continue proceedings" (ECF No. 18) is **granted in part and denied in part.** The motion is denied in part to the extent it seeks to stay the case. It is granted in part to the extent it seeks to extend discovery deadlines.

**IT IS FURTHER ORDERED** that the Court extends all discovery deadlines for ninety days. The following deadlines shall govern discovery in this case:

| | |
|---|---|
| Amending pleadings/adding parties: | November 2, 2023 |
| Discovery cutoff: | December 4, 2023 |
| Discovery motions: | December 18, 2023 |
| Dispositive motions: | January 2, 2024 |
| Joint pretrial order: | January 31, 2024[2] |

DATED: October 10, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty days after decision on the dispositive motions or further court order.